| iSCHOTT, Chief Judge,
dissenting:
Plaintiff has claims for damages resulting from negligence and for maintenance and cure. After a trial of the negligence claim, *707 the trial court dismissed this aspect of plaintiffs case. Settlement discussions between the attorneys continued. On July 20, 1994, plaintiffs attorney wrote defendant’s attorney. In the letter was an estimate of the maintenance and cure claim at about $160,-000. This included future maintenance benefits of $30.00 per day totaling $75,000. The letter then continued as follows:
After your client has paid Mr. Grace the back due maintenance at the rate of an additional $15.00 per day I would like to be notified of this development. Thereafter, we can further discuss settlement of this case on the basis of a release of all claims for maintenance and cure as well as an agreement not to file an appeal.
I would like to hear from you in this regard as soon as possible.
On August 24, plaintiff took an appeal from the judgment dismissing his negligence claim and on September 6 the defendant’s attorney sent the letter offering to settle the maintenance and cure for $150,000 referring to “the offer” which was on the table since the end of the trial on July 14.
This is now before us from a judgment of the trial court denying his motion to enforce because there was no meeting of the minds of the parties. Under LSA-C.C. art. 1949, error vitiates consent to a contract when it concerns a cause without which the obligation would not have been incurred and that cause was Rknown or should have been known to the other party. In this court defendant contends just that. Defendant asserts that the obligation to pay the $150,000 would not have been incurred except for a complete settlement of all claims and plaintiff knew or should have known this.
The trial court conducted a hearing at which only counsel were given the opportunity to argue. There should be an evidentiary hearing at which the attorneys can testify under oath as to what they intended and what they thought they were doing. Based upon the evidence, the court can decide whether consent to settle was vitiated by error or not.
I would reverse the judgment but would remand the matter to the trial’ court for an evidentiary hearing. I dissent from enforcing the settlement agreement at this point.